_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No. 5:25-cv-00952-FWS-SP                                       Date: June 17, 2025
Title: Silvia Martinez v. Nissan North America, Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                     Attorneys Present for Defendant:

Not Present                                                         Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND [19] AND MOTION TO REMAND [18]**

Plaintiff Silvia Martinez ("Plaintiff") filed this case in state court asserting a claim for violation of the Song-Beverly Consumer Warranty Act against Defendant Nissan North America, Inc. ("Defendant"). (Dkt. 1-1 ("Complaint" or "Compl.") ¶¶ 1-22.) Defendant removed the case to this court based on diversity jurisdiction. (Dkt. 1 ("Notice of Removal" or "NOR").) Before the court are two motions: (1) Plaintiff's Motion for Leave to Amend her Complaint, (Dkt. 19 ("Motion for Leave to Amend")), and (2) Plaintiff's Motion to Remand, (Dkt. 18 ("Motion to Remand")). Defendant opposes the Motion to Remand. (Dkt. 21 ("Opposition" or "Opp.").) Plaintiff filed a reply in support of the Motion to Remand. (Dkt. 23 ("Reply").) The court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for June 26, 2025, is **VACATED** and off calendar. Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion for Leave to Amend and the Motion to Remand.

I.    **Background**

On May 25, 2024, Plaintiff purchased a 2024 Nissan Altima vehicle (the "Vehicle") from Metro Nissan Montclair in Montclair, California, (Compl. ¶ 4), and received an express warranty on the Vehicle, (*id.* ¶ 9). Thereafter, Plaintiff brought the Vehicle to Defendant or its

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-00952-FWS-SP                                        Date: June 17, 2025
Title: Silvia Martinez v. Nissan North America, Inc. *et al.*

___

authorized repair facility for repairs due to issues with the engine, transmission, brakes, noise, and sensors.  (*Id.* ¶ 11.)  Each time Plaintiff brought the Vehicle in for repairs, the Vehicle was not properly repaired.  (*Id.* ¶ 12.)  Defendant or its authorized repair facility failed to repair the Vehicle under the warranty.  (*Id.* ¶ 13.)  Because Defendant failed to fix the Vehicle, Plaintiff alleges that Defendant breached the implied warranty of merchantability.  (*Id.* ¶¶ 16-17.)

**II.    Motion for Leave to Amend**

   **A.    Legal Standard**

Federal Rule of Civil Procedure 15 authorizes a party to amend its pleading once as a matter of course.  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to the pleadings."  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e); *see also San Jose Neurospine v. Cigna Health & Life Ins. Co.*, 2016 WL 7242139, at *6 (N.D. Cal. Dec. 15, 2016) ("[W]hen a party attempts to amend a complaint in a manner that destroys a federal court's jurisdiction, 28 U.S.C. § 1447(e) gives the court discretion to consider the propriety and fairness of allowing that amendment." (quoting *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087 (C.D. Cal. 1999))).

In exercising their discretion in considering whether to permit a plaintiff to join a non-diverse party under § 1447(e), courts consider factors including: (1) whether the party sought to be joined is needed for just adjudication and would be joined under FRCP 19(a), (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder, (3) whether there has been unexplained delay in seeking joinder, (4) whether the joinder is solely for the purpose of defeating federal jurisdiction, (5) whether the claim against the new party seems valid, and (6) the possible

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-00952-FWS-SP                            Date: June 17, 2025
Title: Silvia Martinez v. Nissan North America, Inc. *et al.*

___

prejudice that may result if amendment is denied.  *Pickering v. FCA US LLC*, 2021 WL 5968454, at *1 (C.D. Cal. Apr. 12, 2021).

### B.     Discussion

In the Motion for Leave to Amend, Plaintiff requests to add GK Auto Holdings, Inc. doing business as Nissan of San Bernardino (the "Dealership") as a Defendant and a negligence claim.  (Dkt. 19 at 3-6.)  The Dealership is a citizen of California, (*id.* at 10), and the parties do not dispute that Plaintiff is a California citizen, (Opp. at 7-9; *see generally* Reply).  If the court permits Plaintiff join the Dealership in this case, diversity jurisdiction will be destroyed because Plaintiff and the Dealership are both California citizens.  *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000.").  To determine whether Plaintiff's amendment is permitted under § 1447(e), the court considers the six factors under *Pickering* in turn.  2021 WL 5968454, at *1.

### 1.     Extent the Dealership is Needed for Just Adjudication

Regarding the first factor, which "contemplates whether joinder of a nondiverse party is needed for a just adjudication," "[w]hat is considered a necessary joinder under Section 1447(e) is less restrictive than the related standard under Federal Rule of Civil Procedure 19."  *Phifer v. Subaru of Am., Inc.*, 2023 WL 8845152, at *3 (C.D. Cal. Dec. 21, 2023) (citing *Dordoni v. FCA US LLC*, 2020 WL 6082132, at *3 (C.D. Cal. Oct. 15, 2020)).  "Under Section 1447(e), joinder of a person is necessary when it will avoid separate and redundant actions."  *Id.*

The court finds this factor weighs in favor of allowing joinder here because "[t]he claims asserted against both [Defendant] and [the Dealership] involve the same car, the same alleged defects in that car, and the same attempts to repair that car, and will likely require many of the same documents and witnesses and turn on many of the same legal and factual questions."  *Doyle v. Gen. Motors LLC*, 2020 WL 915887, at *2 (C.D. Cal. Feb. 25, 2020) (citing *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, 2016 WL 3396925, at *3 (C.D. Cal. June 13, 2016));

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:25-cv-00952-FWS-SP | Date: June 17, 2025 |
| Title: Silvia Martinez v. Nissan North America, Inc. *et al.* | |

*Flores v. Nissan N. Am., Inc.*, 2022 WL 1469424, at *3 (C.D. Cal. May 9, 2022) ("Denying joinder of [dealership] Downey here would lead to separate and redundant actions, and this factor therefore weighs in favor of joinder."); *Marin v. FCA US LLC*, 2021 WL 5232652, at *2 (C.D. Cal. Nov. 9, 2021) ("Here, Plaintiff's claims against the manufacturer FCA and the dealership BCDJR arise from the same vehicle, the same alleged defects in that vehicle, and the same ultimately failed attempts to repair the vehicle. BCDJR can therefore be considered directly related to Plaintiff's claimed injury and his claims against FCA, and not only tangentially related to those claims. Furthermore, resolution of the claims would require many of the same documents and witnesses and implicate many of the same factual and legal issues. Therefore, were joinder denied and Plaintiff required to pursue his claim against BCDJR in a separate action in state court, that action would be redundant to this action. This factor weighs in favor of granting the amendment."); *Gonzalez v. Ford Motor Co.*, 2021 WL 4786452, at *3 (C.D. Cal. Oct. 14, 2021) (finding "this factor weighs in favor of permitting joinder" because "failure to join Caruso Ford would lead to separate and redundant actions, and [] Caruso Ford is necessary for the efficient and just adjudication of this action").

### 2. Statute of Limitations

"If a plaintiff could file an action against the joined defendant in state court, then there is less reason to permit joinder under § 1447(e)." *Clinco*, 41 F. Supp. 2d at 1083. Because Plaintiff does not contend that any statute of limitations would preclude an action against the Dealership in state court, the court finds this factor weighs against joinder. *See Gonzalez*, 2021 WL 4786452, at *4 ("Plaintiff does not argue that her claim against Caruso Ford is time-barred. Accordingly, Court concludes that this factor does not support joinder."); *see also Flores*, 2022 WL 1469424, at *3 ("Because Plaintiff would not be time-barred from filing a new action against [the Dealership] in state court, this factor weighs against joinder.").

### 3. Unexplained Delay

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco*, 41 F. Supp. 2d at 1083. "District courts generally measure delay from the date of removal to determine whether an unreasonable delay has occurred." *Yenokian v. BMW of N. Am., LLC*, 2018 WL 6177230, at

___

___

| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |
|---|---|

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-00952-FWS-SP     Date: June 17, 2025
Title: Silvia Martinez v. Nissan North America, Inc. *et al.*

___

*3 (C.D. Cal. Oct. 19, 2018) (citing *Dorfman v. Mass. Cas. Ins. Co.*, 2015 WL 7312413, at *9 (C.D. Cal. Nov. 19, 2015)).  Here, the court observes Plaintiff moved for leave to amend her Complaint approximately four weeks after removal.  (*Compare* Dkt. 19 *with* NOR.)  Accordingly, the court finds this factor weighs in favor of allowing joinder.  *See Yenokian*, 2018 WL 6177230, at *3 (finding this factor weighed in favor of permitting amendment when plaintiff sought the amendment almost three months after removal); *Flores*, 2022 WL 1469424, at *3 ("Here, Plaintiff filed the FAC to include a claim against Downey less than three weeks after the case was removed to federal court.  Plaintiff's amendment was therefore timely.  This factor therefore favors permitting joinder.") (citations omitted); *Harris v. Ford Motor Co.*, 2017 WL 10433673, at *2 (C.D. Cal. Aug. 9, 2017) ("Here, Plaintiff filed the instant motion less than three weeks after the case was removed to federal court and prior to the filing of any dispositive motions. Thus, this factor favors amendment."); *Pickering*, 2021 WL 5968454, at *2 ("There is no significant delay in Plaintiff's attempt to add Glendora CDJR.  He moved for leave to amend only 49 days after he initially filed suit and 20 days after FCA removed the case."); *Doyle*, 2020 WL 915887, at *3 (finding this factor weighed in favor of permitting amendment when "Plaintiffs amended their complaint to add Martin Chevrolet less than two months after filing the complaint, and less than one month after removal"); *Marin*, 2021 WL 5232652, at *2 ("find[ing] no undue delay" when "Plaintiff filed this motion about 5 months after he filed the original Complaint in state court and about 4 months after FCA removed it"); *Forward-Rossi*, 2016 WL 3396925, at *3 (concluding this factor supported allowing amendment even where the plaintiff sought leave to amend five months after filing the initial complaint and four months after removal).

### 4. Whether Joinder is Solely for Purpose of Defeating Federal Jurisdiction

Although "the motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint, . . . suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants."  *Marin*, 2021 WL 5232652, at *3 (citation modified).  "The circumstances in this case suggest that Plaintiff's primary motivation in amending the Complaint was to defeat diversity jurisdiction." *Gonzalez*, 2021 WL 4786452, at *3.  However, "it is not readily apparent that it is the sole motivation, particularly because there is a seemingly valid claim" against the Dealership, as explained in the

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES – GENERAL

Case No. 5:25-cv-00952-FWS-SP  Date: June 17, 2025
Title: Silvia Martinez v. Nissan North America, Inc. *et al.*

___

next section. *Id.*; *see also Phifer*, 2023 WL 8845152, at *4 ("Because Subaru failed to carry its burden of showing the negligent repair claim is not valid, Subaru has also failed to carry its burden of showing the Phifers' sole purpose of joining DCH Riverside was to destroy diversity jurisdiction."). Accordingly, the court finds "this factor weighs minimally against permitting joinder." *Gonzalez*, 2021 WL 4786452, at *3; *Delafontaine v. Volvo Cars of N. Am., LLC*, 2016 WL 7338404, at *3 (C.D. Cal. Dec. 19, 2016) ("While the circumstances in this case suggest that one of Plaintiff's motivations is to defeat jurisdiction, we cannot say that is the sole motivation, especially where there is a seemingly valid claim against the non-diverse defendant. Overall, Plaintiff's motivation weighs somewhat against joinder.").

### 5. Validity of Claim

"For the purposes of joinder under § 1447(e), a plaintiff's claim need only be facially viable—the claim need not be plausible nor stated with particularly." *Reyes v. FCA US LLC*, 2020 WL 7224286 at *8 (E.D. Cal. Dec. 8, 2020) (citing *Dordoni*, 2020 WL 6082132 at *5); *see also Stout v. Int'l Bus. Machines Corp.*, 2016 WL 4528958, at *8 (C.D. Cal. Aug. 30, 2016) ("In considering the fifth factor, 'the [c]ourt need only determine whether the claim seems valid' which is not the same as the standard in either a motion to dismiss or a motion for summary judgment.") (citation omitted). "[A] federal court must find that a defendant was properly joined and remand the case to state court if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (citation omitted); *see also Marin*, 2021 WL 5232652 at *3 ("Merely a glimmer of hope that plaintiff can establish a claim is sufficient." (citation modified)).

At this stage of the proceedings, the court finds that Plaintiff's negligence allegations against the Dealership appear to be at least facially valid. *See Burch v. Ford Motor Co.*, 758 F. Supp. 3d 1092, 1099 (N.D. Cal. 2024) (finding that Plaintiff alleged a facially valid claim for negligence where he alleged each element of negligence); *see also Malijen v. Ford Motor Co.*, 2020 WL 5934298, at *4 (C.D. Cal. Aug. 20, 2020) (same). The court therefore concludes this factor weighs in favor of permitting joinder. *See Burch*, 758 F. Supp. 3d at 1099-100 ("Because such an amended complaint would state facially valid claims against Future, the first factor weighs in favor of permitting Future's joinder.").

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-00952-FWS-SP   Date: June 17, 2025
Title: Silvia Martinez v. Nissan North America, Inc. *et al.*

### 6. Prejudice

"In determining whether a plaintiff would suffer prejudice, courts have considered whether denial of leave to amend would require parallel in state and federal court proceedings or would lead the plaintiff to forgo claims against the non-diverse defendants." *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1286 (C.D. Cal. 2015) (citing cases). "Where claims against parties sought to be joined in an action arise out of the same factual circumstances, it is in the economic benefit of all parties and the judicial system to have the entire controversy adjudicated only once and to force the plaintiffs to proceed with expensive litigation in state court against the putative defendant would create avoidable prejudice." *Gonzalez*, 2021 WL 4786452, at *4 (internal quotations omitted).

In this case, "if the Court were to deny Plaintiff's Motion for Remand, Plaintiff would have to proceed with separate litigation against [the Dealership] in state court. Thus, Plaintiff would be forced to incur significant expenses associated with pursuing similar litigation in two separate forums thereby prejudicing Plaintiff. Accordingly, the Court concludes that this factor weighs in favor of permitting joinder." *Gonzalez*, 2021 WL 4786452, at *4; *see Forward-Rossi*, 2016 WL 3396925, at *5 n.2 ("If the Court were to deny plaintiff's motion for leave to amend, plaintiff would be required to pursue two substantially similar lawsuits in two different forums—an action against [the manufacturer] before this Court and an action against [the dealership] in California state court."); *see also Doyle*, 2020 WL 915887, at *3 ("The Court further observes that justice and fundamental fairness would not be served by requiring parallel and overlapping actions in state court against Martin Chevrolet, and federal court against GM."); *Delafontaine*, 2016 WL 7338404, at *4 ("Here, it would prejudice the Plaintiff and waste judicial resources to conduct parallel litigation in state court against the Dealer Defendant.").

On balance, the court finds the relevant factors weigh in favor of permitting Plaintiff to join the Dealership as a defendant. *See, e.g., Pickering*, 2021 WL 5968454, at *3 ("While Plaintiff's explanation for addition of Glendora CDJR to the action at this stage at least suggests that he may, in fact, be doing so because of its impact on this Court's jurisdiction, this is not

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:25-cv-00952-FWS-SP | Date: June 17, 2025 |
| Title: Silvia Martinez v. Nissan North America, Inc. *et al.* | |

enough of an overriding factor in this case to require denying him the amendment."). Accordingly, the court **GRANTS** the Motion for Leave to Amend.

### III. Motion to Remand

Federal courts have diversity jurisdiction where there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In the Notice of Removal, Defendant argues that diversity jurisdiction exists because the amount in controversy exceeded $75,000 and the parties were diverse—specifically, Plaintiff is a California Citizen and Defendant is a Delaware and Tennessee citizen. (*See* NOR at 4.) However, with the addition of the Dealership as a defendant, this action is no longer between completely diverse parties because Plaintiff and the Dealership are both California citizens. (Dkt. 19 at 10; Opp. at 7-9; *see generally* Reply). Because the court's sole basis for jurisdiction was diversity jurisdiction, the court **GRANTS** the Motion to Remand. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); *Watson v. Ford Motor Co.*, 2018 WL 3869563, at *5 (N.D. Cal. Aug. 15, 2018) (granting motion to amend the complaint and remanding the case because the amended complaint names a non-diverse defendant).

### IV. Disposition

For the reasons stated above, the court **GRANTS** the Motion for Leave to Amend and the Motion to Remand. Accordingly, the court **REMANDS** this action to San Bernardino Superior Court as case number CIVRS2500610.

___